

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 27 2021

BY_____ ARTHUR JOHNSTON _____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**RACHEL GILDEA BREAL**

     Plaintiff,                **CIVIL ACTION NO.** 3:21 cv622 DPJ FKB

v.

**THE DOWNS LAW GROUP;**
**CHARLES DAVID DURKEE;**        **REMOVED FROM THE CIRCUIT COURT**
**HOOD & BOLEN, P.L.L.C.;**         **OF HINDS COUNTY, MISSISSIPPI**
**R. MICHAEL BOLEN;**              **CASE NO. 21-531**
**THE COCHRAN FIRM-JACKSON, L.L.C.**
**TERRIS HARRIS; AND**
**JOHN DOE DEFENDANTS A, B, C, D, AND E**

     Defendants,

### NOTICE OF REMOVAL

COME NOW, Defendants, The Downs Law Group, Charles David Durkee, Esq., Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, L.L.C., Terris C. Harris, Esq. and John Doe Defendants A, B, C, D, and E, by and through their attorneys of record, file this Joint Notice of Removal of Civil Action No. 21-531 from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division. This Joint Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for this removal state:

### I.    CIVIL ACTION REMOVED

1.    On August 23, 2021, Plaintiff Rachel Gildea Breal filed a five (5) count complaint asserting breach of contract, breach of fiduciary duties, civil conspiracy, legal malpractice, and negligent/intentional infliction of emotional distress concerning the dismissal of her lawsuit

against BP Exploration and Production, Inc., et al, in the U.S District Court Southern District of Mississippi, Civil Action No. 19-cv-00940.

      2.      The state court action is styled *Rachel Gildea Breal v. The Downs Law Group, Charles David Durkee, Hood & Bolen, P.L.L.C., R. Michael Bolen, The Cochran Firm-Jackson, LLC, Terris C. Harris, and John Doe Defendants A, B, C, D, and E* and is filed in the First Judicial District of the Circuit Court of Hinds County, Mississippi, bearing Cause No. 21-531. According to 28 U.S.C. § 1446 and Local Rule 5(b), a complete copy of the state court file will be filed upon this Court's docket within 14 days. However, the state court complaint is attached hereto as Exhibit "A."

      3.      Defendant Hood & Bolen, P.L.L.C. and R. Michael Bolen, Esq. were served with the Summons and Complaint on August 27, 2021.[1]  To date, The Downs Law Group, Charles David Durkee, The Cochran Firm-Jackson, LLC and Terris C. Harris have not been served; however, they consent to this removal. The removal of this civil action is timely.[2]

      4.      At the time of filing this action, Plaintiff was a citizen of the State of Mississippi, and The Downs Law Group Defendants were citizens of the State of Florida.

      5.      Defendant Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris are citizens of the State of Mississippi, but they are fraudulently/improperly joined and should be disregarded for diversity purposes.

---

[1] It should be noted that R. Michael Bolen, Esq. and/or Hood & Bolen are the only defendants who have been served as of the date of this filing and these entities were served on August 27, 2021. Under 28 U.S.C. § 1446, R. Michael Bolen, Esq. and Hood & Bolen, P.L.L.C. have thirty (30) days to file their Notice of Removal. Since thirty (30) days from the date of service is Sunday, September 26, 2021, pursuant to Fed. R. Civ. Pro. R. 6(a)(1)(C), R. Michael Bolen, Esq. and/or Hood & Bolen have until Monday, September 27, 2021 to file their Notice of Removal. As a result, this Notice to Remove was timely filed within thirty (30) days.

[2] *See,* 28 U.S.C. § 1446.

## II.    AMOUNT IN CONTROVERSY EXCEEDS $75,000

6.     The matter in controversy exceeds, exclusive of costs and disbursements, the sum of the value of $75,000. Plaintiff not only seeks "[t]he full fair and reasonable amount of Rachel's underlying personal injury civil action," but also seeks attorney's fees, damages for emotional suffering, and punitive damages. The amount in controversy in Plaintiff's "underlying personal injury civil action"[3] "exceed[ed] $75,000"[4] alone, so there is no question that Plaintiff's action here exceeds $75,000.[5]

## III.    REMOVAL JURISDICTION

7.     According to the Complaint, and at the time of its filing, Plaintiff resides in Mississippi.[6]  The Downs Law Group and Charles David Durkee were citizens of the State of Florida.[7]  Thus, there is complete diversity between Plaintiff and Defendants The Downs Law Group and Charles David Durkee.  As shown below, the citizenship of Defendants Hood & Bolen, P.L.L.C., R. Michael Bolen, The Cochran Firm-Jackson, LLC, and Terris C. Harris should be disregarded for purposes of evaluating diversity, since their joinder as defendants was improper/fraudulent.

8.     The citizenship of fictitious defendants (*e.g.,* the "John Doe" Defendants) must also be disregarded for purposes of evaluating diversity jurisdiction.[8]

---

[3] *See Gildea v. BP Exploration & Production, Inc. et. al.*, No. 1:19-cv-00940-HSO-JCG (S.D. Miss.).

[4] *See id.* Rec. Doc. 1 at 2.

[5] See 28 U.S.C. §1332; 28 U.S.C. §1446(c)(2)(B); *Dart Cherokee Basin Operating Co. v. Owens*; 135 S. Ct. 547, 54 (2014)

[6] State Court Complaint, ¶ 1.

[7] *Id* at ¶¶ 2,3

[8] *See,* 28 U.S.C. § 1441(b)(1);  It is also worth noting for removal purposes that Plaintiff asserts Local Civil Rules for the United States District Court for the Northern and Southern District of Mississippi, Rule 83.1(d)(3) imposes fiduciary duties, among other things.[8]  Arguably, this invokes federal question jurisdiction under the less frequently encountered, variety of federal "arising under" jurisdiction, whereby a federal courts have over a 100 years in certain cases held  federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.[8]  The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal issues. *See, Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005).*  Here, it goes without saying that a Federal Court Judge should opine and/or

### III.   IMPROPER/FRAUDULENT JOINDER

#### A. *Legal Standards for Improper/Fraudulent Joinder*

9.      This Court has removal jurisdiction under 28 U.S.C. § 1441(b) because Defendants

Hood & Bolen, P.L.L.C., R. Michael Bolen Esq., The Cochran Firm-Jackson, LLC and Terris C.

Harris, Esq. have been improperly or fraudulently joined to defeat the jurisdiction of this Court.[9]

The citizenship of Defendants Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq. The Cochran

Firm-Jackson, LLC and Terris C. Harris, Esq. therefore is disregarded for removal purposes.[10]

10.     Further, under the theory of improper/fraudulent joinder, this Court may assume

jurisdiction over this case, dismiss the non-diverse, improperly/fraudulent joined defendants

(Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C.

Harris, Esq.), and thereby retain jurisdiction.[11]

11.     Defendants bear the burden of establishing fraudulent/improper joinder in one or

two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

establish a cause of action against the non-diverse party in state court.[12] Defendants do not dispute

---

rule what duties the Local Civil Rules for the United States District Court for the Northern and Southern District of Mississippi places on a resident attorney not a Mississippi State Court Judge—this "reverse" *Erie* problem will not be in the interest of judicial economy in that the only federal court that can consider a reverse-*Erie* problem is the United States Supreme Court on a *writ of certiorari* from the Mississippi Supreme Court.

[9] The Fifth Circuit Court of Appeals adopted the term "improper joinder" as "being more consistent with the statutory language than the term 'fraudulent joinder," which was used in the past. *Smallwood v. Ill Cent. R.R.Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004). The Court expressly noted that "there is no substantive difference between the two terms." *Id.* Because pre-2004 case law cited herein refers to the doctrine as "fraudulent joinder," Defendants use both parties in this Notice of Removal to prevent any confusion.
[10] *See, Rhymes v. United Parcel Serv., Inc.*, No. 315CV00302CWRFKB, 2016 WL 1306249, at *2 (S.D. Miss. Mar. 31, 2016); *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 (5th Cir. 2000); *James v. Chase Manhattan Bank*, 173 F. Supp. 2d 544, 548-49 (N.D. Miss. 2001); *Phillips v. First Tower Loan, Inc.*, No. 2012 CV 213-KS-JMR, 2012 WL 5873360, at *4 (S.D. Miss. Nov. 20, 2012*) (citing Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)).

[11] *Id. See also, Moore v. Interstate Fir Ins. Co.*, 717 F. Supp. 1193, 1195 (S.D. Miss. 1989); *Plaquemines Parish Sch. Bd. V. Norris Ins.Consultants, Inc.*, 281 Fed. App'x 338, 339 (5th Cir. 2008); *Doss v. NPC Int'l, Inc.*, No. 4:10-CV-17-SA-DAS, 2010 WL 1759153, at *6 (N.D. Miss. Apr. 29, 2010).
[12] Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting Travis, 326 F.3d at 646-47).

that Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. are Mississippi residents.   Rather, Defendants' assertion of improper/fraudulent joinder is based upon the second prong— Plaintiff is unable to establish a cause of action against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq.[13]   It is of paramount importance to note that "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."[14]

12.     When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony."[15]

13.     This Court may resolve the issue of whether Plaintiff has a reasonable basis of recovery under Mississippi state law in one of two ways.   First, this Court "may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant[s]."[16]   If a plaintiff cannot survive this Rule 12(b)(6) type analysis, there is improper/fraudulent joinder.

14.     Second, there may be some cases where "a plaintiff has stated a claim but has misstated or omitted discrete facts which would determine the propriety of joinder."[17]   In such cases, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[18]   Where pleadings are pierced, and a summary inquiry conducted, the Court's inquiry is

---

[13] *See, Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[14] *Rhymes v. United Parcel Serv., Inc.*, No. 315CV00302CWRFKB, 2016 WL 1306249, at *2 (S.D. Miss. Mar. 31, 2016) (*citing Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

[15] *See Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 637 (S.D. Miss. 2002); *see e.g.*, *Cavallini*, 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment . . . . A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties.").

[16] *Smallwood*, 385 F.3d at 573-74

[17] *Id.*

[18] *Id.*

limited to identifying the "presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[19]

15.     Here, a Rule 12(b)(6) type analysis will reveal Plaintiff has stated no reasonable or colorable basis for recovery against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. under Mississippi law.   Moreover, Defendants attached to this Notice of Removal certain affidavits, which, if a summary inquiry is conducted, demonstrate that Plaintiff's recovery against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. is precluded by the presence of discrete and undisputed facts. *See*, Exhibits "B," "C," and "D."

**B.  *Plaintiff Cannot State a Colorable Claim under Mississippi Law Against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq., the Improperly/Fraudulently Joined In-State Defendants, and Discrete, Undisputed Facts Preclude Plaintiff's Recovery***

16.     In this five (5) count complaint, Plaintiff is essentially claiming C. David Durkee, Esq. from the Downs Law Group, who was the lead attorney on this case, failed to properly advise her before dismissing with prejudice her toxic tort claim that had been filed against *BP Exploration & Production, Inc. et al.,* Cause No. 1:19-cv-00940-HSO-JCG.

17.     Plaintiff's Complaint generally seeks damages allegedly sustained as a result of the dismissal of her lawsuit filed against *BP Exploration & Production, Inc. et al.,* Cause No. 1:19-cv-00940-HSO-JCG.[21]  And, Plaintiff bizarrely asserts she suffered damages by not receiving a copy of her file after the dismissal.[22]

18.     Within the complaint, Plaintiff improperly co-mingles The Downs Law Group, C. David Durkee, Esq., Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson,

---

[19] *Id.*
[21] *See generally,* State Court Complaint, including ¶¶ 22,24, 27, 31,
[22] *Id.,* ¶26, 41, 48, 51

L.L.C., and Terris C. Harris, Esq. in each Count and paints each defendant with the same brush.[23]
This is particularly improper when one attorney, C. David Durkee is the lead counsel who is
obligated to provide complete and full legal counsel to Ms. Gildea Breal, and when the other two
counsel are simply employed as local counsel and only have the obligations that are specifically
enumerated in Local Uniform Civil Rules of the United States District Courts for the Southern
District of Mississippi, Rule 83.1(d)(3), which states:

> *It is the duty of the resident attorney to advise the client of the resident attorney's
> independent judgment on contemplated actions in the proceedings if that judgment
> differs from that of the non-resident attorney.*

19.     The allegations specific to The Cochran Firm-Jackson, L.L.C., and Terris C. Harris,
Esq. are as follows:

- On August 10, 2020, Defendant Terris Harris and Defendant Cochran Law Firm entered
  their appearance as attorneys for Rachel.  Rachel spoke with and meet [sic] with Defendant
  Harris in preparation for her deposition. (State Court Complaint, ¶ 20)

- After being notified her case was dismissed, Defendant Harris called Rachel to discuss how
  well she had done in her deposition.  Rachel informed Defendant Harris that the Defendants
  had dismissed her case without her permission, without her consent, and without notifying
  her.  Defendant Harris told Rachel, "I didn't have anything to do with it," and "So, I was
  blindsided, you know, by it."  Defendant Harris falsely represented to Rachel "It was
  dismissed without prejudice, which means it can be brought again.  During this

---

[23] *See* affidavit of C. David Durkee of the Downs Law Group (wherein he states that he was the lead attorney, made
all legal decisions in the case, consulted with and paid all expert witnesses, and was the attorney that spoke to Ms.
Gildea prior to the dismissal being filed, prepared and authorized the stipulation of dismissal with prejudice to be filed
and was the attorney that wrote a lengthy e-mail to the client on September 1, 2020, explaining the chronology of
events and explaining the rationale behind the dismissal when the client made an inquiry.  Further, he states that
defendants, Bolen and Harris, were simply local counsel who only provided somewhat limited duties); *see also*
Affidavit of R. Michael Bolen; *see also* Affidavit of Terris C. Harris.

conversation, Defendant Harris confirmed he was Rachel's attorney stating, "You are my client now too." (State Court Complaint, ¶ 25)

20.     The allegations specific to Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., Esq. are as follows:

- On January 22, 2020, Defendant R. Michael Bolen, Esq., Esq. and Defendant Hood & Bolen, P.L.L.C. entered their appearance as attorneys for Rachel. (State Court Complaint, ¶ 18)

21.     Discrete, undisputed facts demonstrate Plaintiff and her counsel have a fundamental misunderstanding of her Back End Litigation Option ("BELO") action against BP, what is required to prove causation in toxic tort cases (specifically, in this case, that Corexit and oil exposure cause the types of illnesses Plaintiff suffers from) and R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq.'s responsibilities.

22.     Plaintiff's complaint completely exonerates R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. from having any knowledge of the dismissal. Plaintiff's complaint specifically states that Terris Harris stated to her that "I don't have anything to do with it," and that he was in fact, "blindsided," by the dismissal. As to Defendant, R. Michael Bolen, Esq., Plaintiff only alleges that he entered an appearance on her behalf. The Plaintiff fails to make any specific allegations that either Mr. Harris or Mr. Bolen had anything to do with the decision to dismiss this action with prejudice, or even knew the science of this complicated toxic tort case (basically whether the science supported the case or not), or whether either of these lawyers had anything to do with the client consultation that occurred before the dismissal. How can Plaintiff assert a claim against R. Michael Bolen, Esq., Hood & Bolen,

P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. for the dismissal when she specifically acknowledges she did not speak with them about the dismissal rather she had a conversation on August 25, 2020 with Defendant Durkee alone and the matter was subsequently dismissed?[24]  How can Plaintiff assert a claim against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. for failing to provide a copy of her file to her **AFTER** the dismissal?[25]  How can Plaintiff assert a claim against The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. for stating **AFTER** the dismissal that "[they] didn't have anything to do with it," and "So, I was blindsided, you know, by it."? [26]

23.     Plaintiff improper/fraudulent joined local counsel to defeat diversity when the absolute basis of Plaintiff's frivolous complaint is centered around her conversation with Charles David Durkee, Esq. and The Downs Law Group.  Here, as outlined in Plaintiff's Complaint as well as the attached affidavits, R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. served as local/resident counsel and did not participate in the telephone conversation with Plaintiff and did not dismiss the action.

24.     The Fifth Circuit Court of Appeals has made clear that the recognized duty of local counsel is different from the duty of lead counsel:

> Local counsel does not automatically incur a duty of care with regard to the entire litigation. When the client vests lead counsel with primary responsibility for the litigation, the duty of local counsel is limited. Were the law otherwise, the cost involved in retaining local counsel would increase substantially. Confronted with a duty to monitor lead counsel's handling of the litigation, local counsel would be bound to review all manner of litigation documents and ensure compliance with all deadlines. Out-of-state litigants would be forced to pay a local attorney to review lead counsel's work. Given the skyrocketing cost of litigation, the

---

[24] See, State Court Complaint, ¶ 22.
[25] See, State Court Complaint, ¶ 26.
[26] See, State Court Complaint, ¶ 25.

duplication of effort and increased fees that would result from such
a rule foster problematic public policy.

*Curb Recs. v. Adams & Reese L.L.P.*, 203 F.3d 828, (5th Cir. 1999) (interpreting Louisiana law,

which is similar to Mississippi law).

### COUNT I: BREACH OF CONTRACT AND THE INDEPENDENT TORTS OF BAD FAITH AND BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

25.     The allegations against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The

Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. do not give rise to a "breach of contract

and the independent torts of bad faith and breach of the duty of good faith and fair dealings.

26.     It is undisputed that R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran

Firm-Jackson, L.L.C., and Terris Harris, Esq are not parties to the retainer agreement executed

between Plaintiff and The Downs Law Group.

27.     It is undisputed that Plaintiff did not consult with R. Michael Bolen, Esq., Hood &

Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. about the dismissal

of her case, before the dismissal.

28.     It is undisputed that neither R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The

Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. nor The Downs Law Group and Charles

David Durkee made any money on the dismissal of Plaintiff's action to enrich themselves.

29.     Assuming arguendo that R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The

Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. were parties to the contract, Plaintiff's

allegations still fail as a matter of law.  The breach of good faith is bad faith characterized by some

conduct which violates standards of decency, fairness or reasonableness."[27]  Bad faith, in turn,

---

[27] *Cenac v. Murry*, 609 So.2d 1257, 1272 (Miss.1992).

requires a showing of more than bad judgment or negligence; rather, "bad faith" implies some conscious wrongdoing "because of dishonest purpose or moral obliquity."[28] Plaintiff's allegations fail in the absence of any assertion or evidence of bad faith.[29]

30.     Each factual allegation made by Plaintiff to support her claim of breach of contract against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. does not even give rise to mere negligence let alone bad faith. Plaintiff does not claim R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. acted with "dishonest purpose or moral obliquity," or any variation thereof. This is insufficient on its face to constitute a breach of an implied covenant of good faith and fair dealing, under Mississippi law.[30]

31.     Again, to reiterate the only factual allegations against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. are:

- On August 10, 2020, Defendant Terris Harris and Defendant Cochran Law Firm entered their appearance as attorneys for Rachel. Rachel spoke with and meet [sic] with Defendant Harris in preparation for her deposition. (State Court Complaint, ¶ 20)

- After being notified her case was dismissed, Defendant Harris called Rachel to discuss how well she had done in her deposition. Rachel informed Defendant Harris that the Defendants had dismissed her case without her permission, without her consent, and without notifying her. Defendant Harris told Rachel, "I didn't have anything to do with it," and "So, I was blindsided, you know, by it." Defendant Harris falsely represented to Rachel "It was dismissed without prejudice, which means it can be brought again. During this

---

[28] *Bailey v. Bailey*, 724 So.2d 335, 338 (Miss.1998); *Lippincott v. Mississippi Bureau of Narcotics*, 856 So. 2d 465, 468 (Miss. Ct. App. 2003).
[29] *Lippincott v. Mississippi Bureau of Narcotics*, 856 So. 2d 465, 468 (Miss. Ct. App. 2003).
[30] *Id.*

conversation, Defendant Harris confirmed he was Rachel's attorney stating, "You are my client now too." (State Court Complaint, ¶ 25)

- On January 22, 2020, Defendant R. Michael Bolen, Esq., Esq. and Defendant Hood & Bolen, P.L.L.C. entered their appearance as attorneys for Rachel. (State Court Complaint, ¶ 18)

32.     Plaintiff failed to plead R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. were parties to the "Retainer Agreement" whether written or oral. Plaintiff failed to plead R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. acted with bad faith beyond mere negligence to establish bad faith.

33.     Plaintiff failed to plead R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. had any discussions (or lack thereof) with her about the dismissal of her lawsuit **before** the Stipulation of Dismissal being filed.

34.     Also, it is worth noting that Justice Robertson, writing for the Court in *Singleton v. Stegall*, 580 So.2d 1242 (1991), made clear that "[a] legal malpractice plaintiff may not recover for emotional distress flowing from his dilemma with the law."[31]   C

35.     Plaintiff's Count I cannot survive a Rule 12(b)(6) type analysis, let alone a summary inquiry, therefore, there is improper/fraudulent joinder.

### COUNT 2:  BREACH OF FIDUCIARY DUTIES

36.     Regarding the Second Count of the Complaint, Plaintiff asserts R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. breached their separate duty to her "pursuant to Local Civil Rules for the United States District

---

[31] *See, Singleton v. Stegall*, 580 So. 2d 1242, 1247 (Miss. 1991).

Court for the Northern and Southern District of Mississippi, Rule 83.1(d)(3). It is worth noting the Rule 82.1(d)(3) states, in relevant part, "It is the duty of the resident attorney to advise the client of the resident attorney's independent judgment on contemplated actions in the proceedings if that judgment differs from that of the non-resident attorney."

37.     There are no proffered allegations against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. that they had any discussions with Plaintiff about the dismissal and, in fact, based on Plaintiff's Complaint she alleges that "*[a]fter being notified her case was dismissed*"[32] she had discussions with Terris C. Harris, Esq. and it is absolutely void of any mentioning of any discussions with R. Michael Bolen, Esq., Esq. before or after dismissal. How can R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. breach the alleged duty when (1) they did not converse with her before dismissal and (2) if, even if they had, their independent judgment would not have differed in that Gina M. Solomon, M.D., M.P.H. opined from her review of Plaintiff's historical medical records and review of the medical literature between Hypothyroidism (Hashimoto disease) and exposure to petroleum and/or petroleum-based dispersants that there was not sufficient literature or studies connecting hypothyroidism (Hashimoto disease) to exposure to oil and/or oil-based dispersants. *It is worth noting that Dr. Solomon is a 1991 graduate of Yale School of Medicine and a 1994 graduate of Harvard University School of Public Health.*

38.     R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. had no common-law or other duty to file any subsequent pleadings after the dismissal to attempt to re-instate the matter, etc.

---

[32] *See,* State Court Complaint, ¶ 25

39.     R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. did not cause or contribute to any of Plaintiff's alleged damages for failing to find additional experts.

40.     R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. did not cause or contribute to any of Plaintiff's alleged damages for not timely providing her a true and complete copy of her file.

41.     Plaintiff's Count II cannot survive a Rule 12(b)(6) type analysis, let alone a summary inquiry, therefore, there is improper/fraudulent joinder.

### COUNT 3:  CIVIL CONSPIRACY

42.     Plaintiff's Count 3 is contumacious and sanctionable.  Here, keep in mind Plaintiff's specific allegations against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. are:

- On August 10, 2020, Defendant Terris Harris and Defendant Cochran Law Firm entered their appearance as attorneys for Rachel.  Rachel spoke with and meet [sic] with Defendant Harris in preparation for her deposition. (State Court Complaint, ¶ 20)

- After being notified her case was dismissed, Defendant Harris called Rachel to discuss how well she had done in her deposition.  Rachel informed Defendant Harris that the Defendants had dismissed her case without her permission, without her consent, and without notifying her.  Defendant Harris told Rachel, "I didn't have anything to do with it," and "So, I was blindsided, you know, by it."  Defendant Harris falsely represented to Rachel "It was dismissed without prejudice, which means it can be brought again.  During this conversation, Defendant Harris confirmed he was Rachel's attorney stating, "You are my client now too." (State Court Complaint, ¶ 25)

- On January 22, 2020, Defendant R. Michael Bolen, Esq., Esq. and Defendant Hood & Bolen, P.L.L.C. entered their appearance as attorneys for Rachel. (State Court Complaint, ¶ 18)

Yet, Plaintiff asserts that "Defendant Law Firms, Defendant Durkee, Defendant Bolen, and Defendant Harris had an agreement (as part of Defendants standard practice and procedure) to dismiss with prejudice Rachel's claims as quickly as possible. (State Court Complaint, ¶ 48). This assertion is a groundless allegation, which is patently frivolous, and Plaintiff and her counsels made without reasonable and competent inquiry in violations of both Mississippi Rules of Civil Procedure Rule 11 and Federal Rules of Civil Procedure Rule 11.

43.     A claim of civil conspiracy does not set forth an independent cause of action but rather is sustainable only after an underlying tort claim has been established.  Said differently, under Mississippi law, a civil conspiracy is simply a combination of persons who conspire for accomplishing an unlawful purpose or a lawful purpose unlawfully.[33]  Mississippi follows the rule of almost all jurisdictions in uniformly requiring that civil conspiracy claims be predicated upon an underlying tort that would be independently actionable.[34]

44.     Recently, in *Carson v. Linley*, 292 So. 3d 212, 217 (Miss. 2020), the Mississippi Supreme Court made clear that to properly plead (and prove) a civil conspiracy, a plaintiff must identify (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result. What was the "object to be accomplished?" What were the "unlawful overt acts?"

---

[33] *Shaw v. Burchfield*, 481 So.2d 247, 255 (Miss.1985).
[34] *Wells v. Shelter Gen. Ins. Co.*, 217 F.Supp.2d 744, 755 (S.D.Miss.2002)

45.    Here, based upon the allegations of Plaintiff's Complaint specifically related to R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq., Plaintiff's civil conspiracy claim fails as a matter of law.  Again, this allegation, just as the entire complaint, has no factual basis.

46.    Plaintiff's Count III cannot survive a Rule 12(b)(6) type analysis, let alone a summary inquiry, therefore, there is improper/fraudulent joinder.

## COUNT 4:  LEGAL MALPRACTICE/NEGLIGENCE/GROSS NEGLIGENCE

47.    At the risk of being presumptuous, there is absolutely no possibility whatsoever to establish a legal malpractice claim against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq.

48.    It is well-established in Mississippi jurisprudence that a plaintiff in a *negligence-based* malpractice action must establish proximate cause by the so-called "trial-within-a-trial" test. Plaintiff will have to prove by expert testimony the amount of exposure she had to the oil/oil-based chemical, when she was exposed, where she was exposed, how much she was exposed just to establish causation and then establish such exposure caused her damages.  On top of that, Plaintiff must then show that, but for R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq.'s negligence, she would have been successful in the prosecution of the underlying action.[35]

49.    Plaintiff has not made any allegations that give rise to a legal malpractice action. Plaintiff attempts to "group" the defendants into a single group by asserting they failed "to fully apprise her of all material facts related to her claim thereon, to obtain [her] knowing and informed consent before dismissing her claims with prejudice, to do their best to obtain the maximum

---

[35] *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So.2d 1205, 1215 (Miss.1996).

possible compensation for [her], and to provide [her] with a complete and accurate copy of her file upon her request."[36]  None of these conclusory allegations against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. state a claim against them.

  50. Again, it is worth repeating that Plaintiff's specific allegations against R. Michael Bolen, Esq., Hood & Bolen, P.L.L.C., The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. are

- On August 10, 2020, Defendant Terris Harris and Defendant Cochran Law Firm entered their appearance as attorneys for Rachel.  Rachel spoke with and meet [sic] with Defendant Harris in preparation for her deposition. (State Court Complaint, ¶ 20)

- After being notified her case was dismissed, Defendant Harris called Rachel to discuss how well she had done in her deposition.  Rachel informed Defendant Harris that the Defendants had dismissed her case without her permission, without her consent, and without notifying her.  Defendant Harris told Rachel, "I didn't have anything to do with it," and "So, I was blindsided, you know, by it."  Defendant Harris falsely represented to Rachel "It was dismissed without prejudice, which means it can be brought again.  During this conversation, Defendant Harris confirmed he was Rachel's attorney stating, "You are my client now too." (State Court Complaint, ¶ 25)

- On January 22, 2020, Defendant R. Michael Bolen, Esq., Esq. and Defendant Hood & Bolen, P.L.L.C. entered their appearance as attorneys for Rachel.  (State Court Complaint, ¶ 18)

---

[36] State Court Complaint, ¶ 51.

And it is worth noting that The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. entered an appearance in the matter on August 10, 2020, covered Plaintiff's deposition on August 11, 2020, and on August 28, 2020, the Stipulation of Dismissal was filed.   The Cochran Firm-Jackson, L.L.C., and Terris C. Harris, Esq. had only been involved in the case for eighteen (18) days.

51.     The complaint does not allege or set forth facts tending to show any acts of negligence or carelessness on the part of Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. and does not state facts sufficient to constitute any cause of action whatsoever in favor of the plaintiff against them. Defendants allege that the complaint shows upon its face, by the allegations of the complaint, that the Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. had nothing whatsoever to do with the acts complained of. The plaintiff has not now and never did have any cause of action against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. upon which to base a recovery against them for or on account of the matters and things outlined in plaintiff's complaint, all of which was well known to plaintiff at the time of the institution of the action.

52.     The allegations in the complaint and the affidavit of C. David Durkee make it clear that the allegations that Plaintiff is making in the complaint center around a telephone conference that occurred before the dismissal and whether C. David Durkee properly advised the client that the case would be dismissed with prejudice or not.[37] This was solely the act of C. David Durkee and in no way involved local counsel, Harris or Bolen, and their law firms. Finally, since local counsel, Harris and Bolen, were not intimately familiar with the science of this complicated toxic

---

[37] It must be noted that whether the case was dismissed with prejudice or without prejudice would have made no legal difference because, based on the date of diagnosis, the Statute of Limitations had expired, and a new complaint could not have been re-filed if the case had been dismissed without prejudice.

tort case and were not on the call at the time of the client conference prior to the dismissal being filed, they would have had no way of knowing that the dismissal was not allegedly authorized or whether the science did or did not support the case.  Basically, local counsel would have not had the ability, at that time, to form a *"judgment differ[ent] from that of the non-resident attorney."*[38]

53.     Plaintiff's Count IV cannot survive a Rule 12(b)(6) type analysis, let alone a summary inquiry, therefore, there is improper/fraudulent joinder.

### COUNT 5:  NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.     Plaintiff's last count also fails as a matter of law.  As noted above, under Mississippi law, "[a] legal malpractice plaintiff may not recover for emotional distress flowing from his dilemma with the law."[39]

55.     Even if this was not the state of Mississippi law, Plaintiff still has not asserted a viable claim against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. for negligent and/intentional infliction of emotional distress.  To recover emotional distress damages resulting from ordinary negligence, Plaintiff must allege "some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant."[40]

56.     For Plaintiff to recover for mental anguish unaccompanied by demonstrable physical or mental injury, the defendant's conduct must be malicious, intentional, willful, wanton, grossly careless, indifferent, or reckless. Plaintiff has not alleged such—and, more importantly, she will not be able to show Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-

---

[38] *See* Local Uniform Civil Rule of the US District Courts for the Southern District of Mississippi 83.1(d)(3).
[39] *See, Singleton v. Stegall*, 580 So. 2d 1242, 1247 (Miss. 1991)
[40] *American Bankers' Ins. Co. of Florida v. Wells*, 819 So.2d 1196, 1208 (¶ 40) (Miss.2001).

Jackson, LLC and Terris C. Harris, Esq.'s alleged conduct was malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.[41]

57.    Plaintiff's Count V cannot survive a Rule 12(b)(6) type analysis, let alone a summary inquiry, therefore, there is improper/fraudulent joinder.

## PLAINTIFF'S BLANKET ALLEGATIONS AND INCORPORATION INTO HER COUNTS

58.    Other than the specific allegations in her State Court Complaint Paragraphs 18 and 20, 25 relating to Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., Esq. The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq., Esq., and which do not state a claim personally against them for any of the five (5) pled counts, Plaintiff's Complaint vaguely asserts "Defendants collectively" did certain things.  It is of paramount importance to note that claims which contain conclusory and generic statements of law are insufficient to withstand either the Rule 12(b)(6) type analysis or the summary inquiry and are therefore insufficient to prevent removal.

59.    Chief Judge Louis Guirola, Jr., writing for the Court in *Gilson v. Argonaut-Midwest Ins. Co*, No. 1:11CV325 LG-JMR, 2012 WL 1230235, at *2 (S.D. Miss. Apr. 12, 2012) made crystal clear:

> A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). **Furthermore, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined.** *Badon,* 224 F.3d at 392–93. (Emphasis added).

---

[41] *Randolph v. Lambert*, 926 So. 2d 941, 946 (Miss. Ct. App. 2006)

60.     The Fifth Circuit Court of Appeals has also made clear in *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) that conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice.

61.     Plaintiff's Complaint cannot survive a Rule 12(b)(6) type analysis, let alone a summary inquiry, therefore, there is improper/fraudulent joinder.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

62.     This Court has jurisdiction over this matter under 28 U.S.C § 1332(a), because there is complete diversity of citizenship between Plaintiffs and The Downs Law Group defendants[42] and more than $75,000, exclusive of interest and costs, is at stake.

63.     Pursuant to 28 U.S.C § 1446 and Local Rule 5(b), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Defendants are being filed with this Notice of Removal.

64.     This Notice of Removal has been filed within 30 days of the date that Defendants were served with the summons or the complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C § 1446(b).

65.     Venue is proper in this Court pursuant to 28 U.S.C § 144(a) and 1446(a) because the U.S. District Court for the Southern District of Mississippi is the federal judicial district embracing the State of Mississippi Circuit Court for the First Judicial District of Hinds County where the State Court Action was originally filed.

66.     The Downs Law Group, Charles David Durkee, The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. have not been served with process as of the date of this filing. Nonetheless, they consent to the removal of this action.

---

[42] The entities referred to are specifically, Hood & Bolen, P.L.L.C.; R. Michael Bolen, The Cochran Firm-Jackson, LLC, and Terris C. Harris.

67.     Defendants will give written notice of the filing of this notice as required by 28 U.S.C.A. § 1446(d). A copy of this notice will be filed with the clerk of the State of Mississippi Circuit Court for the First Judicial District of Hinds County, as required by 28 U.S.C.A. § 1446(d).

68.     By this Notice of Removal, Defendants do not waive any objections they may have to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

## CONCLUSION

69.     There is "no possibility of recovery by the plaintiff" against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq., the in-state defendants, with respect to any of the five (5) listed cause of actions and the Court should therefore find that Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq. were improperly/fraudulently joined.[43]  All claims, although meritless, listed in Plaintiff's Complaint, when fairly considered as they are pled, are claims against Defendants C. David Durkee and The Downs Law Group.

70.     Moreover, if a summary inquiry is conducted, Defendants' affidavits, attached hereto, demonstrate discrete and undisputed facts that preclude any recovery by Plaintiff against Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., Esq. The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq., Esq.  For this additional reason, Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., Esq. The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq., Esq.'s joinder was improper/fraudulent.

---

[43] *See, Smallwood*, 385 F.3d a 573.

71.    Because their joinder was improper/fraudulent, the citizenship of Hood & Bolen, P.L.L.C., R. Michael Bolen, Esq., Esq. The Cochran Firm-Jackson, LLC and Terris C. Harris, Esq., Esq. should be disregarded for purposes of analyzing diversity jurisdiction in this case.[44]

72.    Based on the facts outlined above, the allegations in the complaint and the affidavits, it is clear Plaintiff Rachel Gildea Breal attempts to co-mingle the allegations in the complaint so that all counsel have the same duty and are basically joint and severally liable when that is simply not the case. As illustrated above, local counsel has a very different and distinct duty to the client and under the facts alleged none of the local counsel duties were breached and/or violated because they were not part of the telephone conference with the client or involved in the decision to dismiss the case (with or without prejudice).

73.    In this case, based on the facts alleged in the complaint and the affidavits, Plaintiff simply has no possibility of establishing a cause of action against the non-diverse defendant(s), or local counsel, in state court. As is clear from the outline of facts stated above,[45] local counsel, Harris and Bolen, and their law firms were not alleged to have been on the call with Ms. Gildea Breal prior to the dismissal and had no involvement in the decision to dismiss the case, with or without prejudice, did not prepare the pleading for dismissal and did nothing other than add their name as local counsel to the pleading.  Under these circumstances joinder of these entities[46] is improper.

WHEREFORE, Defendants request that this action proceeds in this Court as an action properly removed to it.

---

[44] *See, Badon v. RJR Nabsico, Inc*, 224 F.3d 382, 389 (5th Cir. 2000); *James v. Chase Manhattan Bank*, 173 F. Supp 2d 544, 548-9 (N.D. Miss. 2001).

[45] *See also* Affidavit of C. David Durkee; *see also* Affidavit of R. Michael Bolen; *see also* Affidavit of Terris C. Harris.

[46] The entities referred to are specifically, Hood & Bolen, P.L.L.C.; R. Michael Bolen, The Cochran Firm-Jackson, LLC, and Terris C. Harris.

DATED:  September 27, 2021

THE DOWNS LAW GROUP, ET AL

By: _____
JAMIE D. TRAVIS
MSB # 99692

OF COUNSEL:

Jamie D. Travis, MSB No. 99692
Tommy E. Brown, MSB No. 106102
GIBBS TRAVIS, PLLC
210 EAST CAPITOL STREET
SUITE 1801
JACKSON, MISSISSIPPI 39201
Telephone:(601)487-2649
Fax: (601)366-4295
jtravis@gibbstravis.com
tbrown@gibbstravis.com

*Attorneys for:*
*C. David Durkee, Esq.*
*The Downs Law Group*
*R. Michael Bolen, Esq.*
*Hood & Bolen, PLLC*
*Terris C. Harris, Esq.*
*The Cochran Firm-Jackson, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September 2021, a true and correct copy of the

foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of

this filing will be sent to all counsel of record registered to receive electronic service by operation

of the Court's electronic filing system.

_____
JAMIE D. TRAVIS