IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

RACHEL GILDEA BREAL                                          PLAINTIFF

VERSUS                                      CAUSE NO: 21-531

THE DOWNS LAW GROUP;
CHARLES DAVID DURKEE;
HOOD & BOLEN, P.L.L.C.;
R. MICHAEL BOLEN;
THE COCHRAN FIRM-JACKSON, L.L.C.;
TERRIS C. HARRIS;
And JOHN DOE DEFENDANTS A, B, C, D, and E              DEFENDANTS

COMPLAINT
(JURY TRIAL REQUESTED)

PARTIES

1. Plaintiff, Rachel Gildea Breal, is an adult resident citizen of Harrison County,
Mississippi.

2. Defendant, The Downs Law Group, P.A. ("Downs Law Group") on information
and belief is a Florida professional association whose principal place of business is
in Florida and may be served with process by serving its Registered Agent, Craig T.
Downs, 3250 Mary St., Suite 307, Coconut Grove, Florida 33133.

3. Defendant Charles David Durkee ("Durkee") is, on information and belief, an
adult resident citizen of Florida and attorney with Downs and may be served with
process at his principal place of business office at 3250 Mary Street, Suite 307,
Coconut Grove, Florida 33133.

4. Defendant Hood & Bolen, P.L.L.C. ("Hood & Bolen") is a Mississippi
professional limited liability corporation whose principal place of business is in
Hinds County, Mississippi, and may be served with process by serving its

EXHIBIT

A

Registered Agent, R. Michael Bolen, at 3770 Highway 80 West, Jackson, Mississippi 39209..

5. Defendant R. Michael Bolen ("Bolen"), on information and belief, is an adult resident of Mississippi may be served with process at his principal place of business at 3770 Highway 80 West, Jackson, Mississippi 39209.

6. Defendant The Cochran Firm-Jackson, L.L.C. ("Cochran Firm") is a Mississippi limited liability corporation whose principal place of business is in Madison County, Mississippi and may be served with process on its Registered Agent, Terris C. Harris, 198 Charmant Place, Suite 2, Ridgeland, Mississippi 39157.

7. Defendant Terris C. Harris ("Harris") is, on information and belief, an adult resident citizen of Mississippi. Defendant Harris may be served with process by serving him at his principal place of business at 198 Charmant Place, Suite 2, Ridgeland, Mississippi 39157.

8. Defendants, John Does A-E, are individuals and/or entities who caused and/or contributed to the injuries and damages of the Plaintiff, and/or whose conduct otherwise subjects them to individual liability for the harms and damages suffered by the Plaintiff under applicable law, but whose identity and involvement is at present not know to the Plaintiff. During or after discovery, Plaintiff will amend her Complaint to properly identify John Doe Defendants A-E once their true identities and liability are learned. All allegations herein against the named Defendants are incorporated by reference against John Doe Defendants A, B, C, D, and E.

## JURISDICTION AND VENUE

9. This Court has venue of this action pursuant to Miss. Code Ann. § 11-11-3, because Defendants Hood & Bolen, Bolen, Cochran Firm, and Harris have their principal places of business in Mississippi and the because the First Judicial District of Harrison County, Mississippi is where most, if not all, acts or omissions of Defendants occurred that proximately caused the harms, injuries, and damages sustained by the Plaintiff.

10. At all times relevant to this matter Defendant Downs and Defendant Durkee were specially admitted *pro hac vice* before the United States District Court for the Southern District of Mississippi in Gulfport, Mississippi pursuant to the LOCAL UNIFORM CIVIL RULES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI, MISSISSIPPI RULES OF PROFESSIONAL CONDUCT and Mississippi law, and were under the supervision of Defendants Hood & Bolen, Bolen, Cochran Firm, and Harris. Thus, pursuant to Miss. Code Ann. § 11-11-3, all Defendants are subject to the jurisdiction and venue of this Court.

11. This Court has jurisdiction over this action pursuant to Miss. Code Ann. § 9-7-81, *et seq*, because the Plaintiff is seeking damages in excess of the jurisdictional minimum of this Court.

## FACTS AND CAUSES OF ACTION

12. Plaintiff incorporates all other paragraphs into this section.

13. Defendant Downs is the President, Founder, and Owner of Defendant Downs Law Group. At all material times, Defendant Downs and Defendant Durkee were

3

employees of Downs Law Group who were acting within the course and scope of their employment.

14. Defendant Hood is the President, Founder, and Owner of Defendant Hood & Bolen. At all material times, Defendant Hood was acting within the course and scope of his employment and/or ownership of Hood & Bolen.

15. Defendant Harris is the managing partner for Defendant Cochran Firm. At all material times, Defendant Harris was acting within the course and scope of his employment, management and/or ownership of Cochran Firm.

16. Each of these Defendants, either individually and/or collectively, utilizes an extensive advertising and solicitation campaign to sign up a high volume of BP Oil Spill workers around the State of Mississippi. On information and belief, lawyers and other employees working for the Defendants sought and retained as many clients as possible to be represented by the Defendants for all claims arising under the "*Deepwater Horizon Medical Benefits Class Settlement Agreement, as amended May 1, 2012.*"

17. On March 14, 2014, Rachel executed a retainer agreement with Defendant Downs hiring Defendants Downs, and other attorneys, to represent her regarding her claims for injuries resulting from her work during the BP oil spill.[1] The Retainer Agreement specifically states Defendant Downs, and other attorneys, are responsible for the prosecution of Rachel's claims and that Defendant Downs will keep Rachel informed regarding the prosecution of the lawsuit.

---

[1] "Exhibit 1", Retainer Agreement.

4

18. On July 3, 2019, Downs filed a lawsuit against BP in the United States District Court for the Eastern District of Louisiana regarding Rachel's injuries and pursuant to terms of the "Deepwater Horizon Medical Benefits Class Settlement Agreement" known as Back End Litigation Option (BELO)[2]. On December 6, 2019, Rachel's lawsuit was transferred to the United States District Court for the Southern District of Mississippi pursuant to the procedures applicable to the type of lawsuit filed for Rachel. On January 22, 2020, Defendant R. Michael Bolin and Defendant Hood & Bolin, P.L.L.C. entered their appearance as attorneys for Rachel.[3] The [22] Case Management Order was entered setting particular deadlines for Rachel's lawsuit and set expert designation deadline for September 1, 2020.[4]

19. Over the course of the next several months, Rachel provided Defendants with employment records, medical records, and other documents in response to the request for documents made by BP. Rachel further answered interrogatories and provided information in support of her answers to interrogatories as requested by BP. Rachel provided all requested documents to Defendants.

---

[2] "Exhibit 2", Docket Report for *Gildea v. BP Exploration & Production, Inc. et.al., Case No. 1:19-cv-00940-HSO-JCG.*

[3] *Id.* see [18] Notice of Appearance of R. Michael Bolin. On April 14, 2020

[4] *Id.* see [22] Case Management Order

20. On August 10, 2020, Defendant Terris Harris and Defendant Cochran Law Firm entered their appearance as attorneys for Rachel.[5]  Rachel spoke with and meet with Defendant Harris in preparation for her deposition.

21. On August 11, 2020, Rachel's deposition was taken in Gulfport, Mississippi as noticed by BP.[6]

22. On August, 25, 2020, Rachel had a telephone conversation with Defendant Durkee.  During that conversation, Rachel and Defendant Durkee agreed to pursue additional expert witness opinions regarding the causal connection between Rachel's injuries and her BP oil spill work. At no time during that conversation, was Rachel informed Defendants intended to dismiss her case with prejudice. Rachel did not agree or consent to the dismissal of her case at any time.

23. On August 28, 2020, Defendants entered the Stipulation of Dismissal with Prejudice regarding Rachel's lawsuit.[7]  The Stipulation of Dismissal with was signed by Defendant Durkee and counsel for BP.  The Stipulation of Dismissal was not agreed to or executed by Rachel.  Rachel was never notified prior to the filing for the Stipulation and never agreed to dismiss her case with prejudice.  At all times prior, Rachel had been informed by the Defendants that she has a strong case and that she had performed well during her deposition. Based on information and belief, Defendants falsely represented to counsel for BP that Rachel consented to the dismissal with prejudice.

---

[5] *Id.* see [25] Notice of Appearance of Terris Harris.

[6] *Id.* see [23] Notice of Deposition of Rachel Gildea (Breal)

[7] "Exhibit "3", [26] Stipulation of Dismissal with Prejudice

24. After being notified on August 30, 2020 by U.S. Mail that her case had been dismissed with prejudice, Rachel sent email communications and called Defendant Durkee to questions why her case was dismissed without her knowledge or consent. Those emails and telephone calls went unanswered for several days.

25. After being notified her case was dismissed, Defendant Harris called Rachel to discuss how well she had done in her deposition. Rachel informed Defendant Harris that the Defendants had dismissed her case without her permission, without her consent, and without notifying her. Defendant Harris told Rachel, "I didn't have anything to do with it," and "So, I was blindsided, you know, by it.". Defendant Harris falsely represented to Rachel "It was dismissed without prejudice, which means it can be brought again." During this conversation Defendant Harris confirmed he was Rachel's attorney stating, "You are my client now too."

26. Rachel requested all file materials regarding her lawsuit from Defendants. Rachel was not provided all file materials. Rachel was only provided the pleadings that had been filed with the United State District Court. Rachel was not provided any memoranda, expert reports, or any other materials that make up her file.

27. After Rachel informed Defendants that she in fact did not want her case dismissed with prejudice and that she at all times intended to seek expert opinions linking her claimed injuries to the BP oil spill, Defendants took no steps to seek to undo the unauthorized dismissal with prejudice, supply Rachel with information regarding her case, or other steps to assist Rachel with the preservation of her claims.

7

## COUNT 1:   BREACH OF CONTRACT,
### AND THE INDEPENDENT TORTS OF BAD FAITH AND
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

28. Plaintiff incorporates all other paragraphs into this section.

29. As described with particularity above, Defendants, individually and by and through their respective law firms, breached their duties under the Retainer Agreement, and dismissed Rachel's case with prejudice without consultation, disclosure of material facts, and/or authorization by Rachel.

30. Defendants had a duty to respect and honor Rachel's rights under the Retainer Agreement and not recklessly disregard those rights, and at all material times to treat Rachel with good faith and fair dealing, implied by law.  As described with particularity above, Defendants, and each of them, breached those duties.

31. On information and belief, Defendants' failure to consult with Rachel about the dismissal with prejudice of her case, failure to advise Rachel about the needs of her case, the rapid dismissal with prejudice of her case without making any effort to seek additional time, find additional experts, or even withdraw to give Rachel the opportunity to seek new counsel, is part of a pattern and practice through which Defendants seek to enrich themselves at the expense of their clients and to the benefit of Defendants.

32. Based on information and belief, Defendants, and each of them, engage in a practice of dismissing the claims of BELO clients immediately prior to the scheduled expert designation deadlines.  Based on information and belief, this practice is employed by the Defendants, and each of them, to maximize their own fees and/or positions in other matters at the expense of Rachel and clients like her.

33. As described with particularity above, Defendants, and each of them, engaged in conduct that rises to the level of an independent tort, and acted with gross and/or reckless disregard for the rights of the Plaintiff, and each of them, to the financial advantage of Defendants and the financial detriment of the Plaintiff.

34. The actions of Defendants, and each of them, constitute breach of contract, bad faith breach of contract, breach of the duty of good faith and fair dealing, reckless disregard, negligence and/or gross negligence, rendering said Defendants liable to the Plaintiff, for actual, compensatory, and punitive damages.

35. As a direct, proximate and foreseeable consequence of the breach of contract; bad faith breach of contract; breach of the duty of good faith and fair dealing; reckless disregard; and negligence and/or gross negligence of all of the Defendants, Rachel was and continues to be injured and damaged as described throughout this Complaint. Because of the previously described conduct of Defendants, Rachel is entitled to be compensated by the Defendants, jointly and severally.  In addition to actual damages due in full amount of money necessary to make Rachel whole, it was foreseeable to Defendants, and each of them, Rachel would suffer and/or incur, and Rachel did and continues to suffer, emotional distress, mental anguish, and anxiety as a direct and proximate result of Defendants' previously described misconduct and failure to honor their contractual obligations to Rachel.

36. It was also foreseeable to Defendants for Rachel to pursue her claims against Defendants would have to employ counsel and incur attorneys' fees and expenses to file suit to enforce her contractual rights and pursue her claims because of the previously described conduct of Defendants.

9

37. Under applicable law, Rachel is entitled to be compensated by the Defendants for all of these damages, and other incidental damages incurred as a result of having to pursue this litigation.

### COUNT 2 : BREACH OF FIDUCIARY DUTIES

38. Rachel incorporates all other paragraphs into this section.

39. Rachel placed a great deal of trust in Defendants to represent her and obtain on her behalf all available relief and compensation to which Rachel was entitled to recover.

40. Defendant Law Firms, Defendant Durkee, Defendant Bolin, and Defendant Harris owed Rachel fiduciary duty to be intrinsically fair to and zealously represent her interests; and to exercise the utmost good faith and loyalty in conducting business on her behalf due to their attorney-client relationship.

41. Defendant Law Firms, Defendant Durkee, Defendant Bolin, and Defendant Harris failed to fulfill their fiduciary duties to Rachel. The actions, inactions, and omissions described in this Complaint, failure to consult with Rachel about the dismissal with prejudice of her case, failure to advise Rachel about the needs of her case, the rapid dismissal with prejudice of her case without making any effort to seek additional time, find additional experts, or even withdraw to give Rachel the opportunity to seek new counsel, and wrongful refusal to timely provide Rachel with a true and complete copy of her file, caused damages to Rachel, for which Rachel prays for a Judgment in an amount to be determined by the Jury at the trial of this case.

10

42. Defendants Hood & Bolin, Cochran Firm, Bolin and Harris breach their separate fiduciary duty to Rachel pursuant to Local Civil Rules for the United States District Court for the Northern and Southern District of Mississippi, Rule 83.1(d)(3). At all times, Defendants Hood & Bolin, Cochran Firm, Bolin and Harris were responsible to Rachel and responsible for the conduct of the proceedings before the United States District Court. Defendants Hood & Bolin, Cochran Firm, Bolin and Harris had the duty to advise Rachel of their independent judgment on the actions in the proceedings and had the duty to sign every submission filed with the Court. The actions, inactions, and omissions described in this Complaint and their failure to comply with the duties imposed by Local Civil Rule 83.1(d)(3) for the actions of non-resident Defendants Downs Law Group and Durkee breached the express duties owed Rachel.

43. The actions of Defendants, and each of them, constitute breach of fiduciary duty rendering said Defendants liable to the Plaintiff, for actual, compensatory, and punitive damages.

44. As a direct, proximate and foreseeable consequence of the breach of contract; bad faith breach of contract; breach of the duty of good faith and fair dealing; reckless disregard; and negligence and/or gross negligence of all of the Defendants, Rachel was and continues to be injured and damaged as described throughout this Complaint. Because of the previously described conduct of Defendants, Rachel is entitled to be compensated by the Defendants, jointly and severally. In addition to actual damages due in full amount of money necessary to make Rachel whole, it was foreseeable to Defendants, and each of them, Rachel would suffer and/or incur,

and Rachel did and continues to suffer, emotional distress, mental anguish, and anxiety as a direct and proximate result of Defendants' previously described misconduct and failure to honor their contractual obligations to Rachel.

45. It was also foreseeable to Defendants for Rachel to pursue her claims against Defendants would have to employ counsel and incur attorneys' fees and expenses to file suit to enforce her contractual rights and pursue her claims because of the previously described conduct of Defendants.

46. Under applicable law, Rachel is entitled to be compensated by the Defendants for all of these damages, and other incidental damages incurred as a result of having to pursue this litigation.

## COUNT 3: CIVIL CONSPIRACY

47. Plaintiff incorporates all other paragraphs into this section.

48. Based on information and belief, Defendant Law Firms, Defendant Durkee, Defendant Bolin, and Defendant Harris had an agreement (as part of Defendants standard practice and procedure) to dismiss with prejudice Rachel's claims as quickly as possible. In furtherance of this agreement, these Defendants concealed the material facts regarding the need for expert testimony, Rachel's right to seek additional expert opinions, Rachel's right to seek additional time to obtain expert opinions, Rachel's right to seek new and additional legal counsel and advice, refused to make timely responses to Rachel's requests for a complete copy of her file, and concealed material evidence from Rachel's file, including Defendant Law Firms, Defendant Durkee, Defendant Bolin, and Defendant Harris correspondence any expert witnesses.

12

49. As a direct, proximate, and foreseeable result of this conspiracy and overt acts to accomplish it, Rachel suffered all of the injuries and damages set forth in this Complaint.

## COUNT 4: LEGAL MALPRACTICE / NEGLIGENCE / GROSS NEGLIGENCE

50. Rachel incorporates all other paragraphs into this section.

51. Defendants had a duty to zealously represent Rachel, to fully apprise her of all material facts related to her claim thereon, to obtain Rachel's knowing and informed consent before dismissing her claims with prejudice, to do their best to obtain the maximum possible compensation for Rachel, and to provide Rachel with a complete and accurate copy of her file upon her request.

52. Through the actions and omissions described in this Complaint, Defendants, and each of them, breached each of their duties to Rachel.

53. Those breaches were the proximate cause of Rachel's injuries and damages, all of which were foreseeable to Defendants.

54. Defendant Durkee, Bolin and Harris each individually expressed they were handling Rachel's claim. As described above, each was negligent and/or grossly negligent in their actions and inactions pertaining to representation of Rachel. As such, Defendant Firms are liable for the conduct based on a respondeat superior and/or principal-agent theory.

## COUNT 5: NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Rachel incorporates all other paragraphs into this section.

56. The negligent and/or arbitrary, capricious, willful and intentional acts and omissions of Defendants, and each of them, were reasonably foreseeable to inflict

13

and have inflicted and continue to inflict emotional distress on Rachel, for which Rachel demands judgment in an amount to be determined by the Jury at the trial of this case.

## DAMAGES

57. Rachel incorporates all other paragraphs into this section.

58. As a result of Defendants, and each of their actions and omissions, Rachel is entitled to recover damages including, but not limited to, the following from Defendants, jointly and severally, in amounts determined by the Jury at the trial of this case:

a. The full fair and reasonable amount of Rachel's underlying personal injury civil action;

b. All fees and expenses collected by Defendants;

c. All other economic and non-economic damages recoverable by law;

d. Attorneys' fees and expenses;

e. Pre-judgment interest running from the date of the wrongful settlements or such other date that the Court finds to be reasonable;

f. Post judgment interest; and

g. All other damages, equitable and/or other relief available to the Plaintiff.

## PUNITIVE DAMAGES

59. Defendants, and each of their, acts and omission are so egregious as to evoke outrage and rise to the level of an independent tort, and/or represent reckless disregard for the rights and well-being of the Rachel, such that Defendants and each of them should be required to pay punitive damages in an amount sufficient to

punish Defendants, and to make an example to deter Defendants and others from engaging in such conduct in the future said amounts to be determined by the Jury of the trial of this case.

### PRAYER

For the reasons stated, Rachel seeks a trial by Jury and judgment against the Defendants, and each of them, jointly and severally, for compensatory damages, punitive damages in the amounts to be determined by the Jury at the trial of this case, as well as, costs, attorney's fees, expenses, pre and post judgment interest, and all other legal and/or equitable relief available to Rachel.

This the 23rd day of August, 2021.

RESPECTFULLY SUBMITTED
Rachel Gildea Breal,
Plaintiff

BY: _____
DOUGLAS L. TYNES, JR. (MSB#101921)

BY: _____
DAVID N. HARRIS, JR. (MSB#100790)

ATTORNEYS FOR PLAINTIFF:
Douglas L. Tynes, Jr. (MSB# 101921)
TYNES LAW FIRM, P.A.
P.O. Drawer 966,
525 Krebs Ave.
Pascagoula, Mississippi 3968-0966
Phone: (228) 769-7736
Facsimile: (228) 769-8466
Email: monte@tyneslawfirm.com

David N. Harris, Jr. (MSB #100790)
DAVID N. HARRIS, JR. LAW FIRM, P.L.L.C.
P.O. Box 336
Gulfport, MS 39502-0336
Telephone: (228) 236-7616
E-mail: david@davidharrislawfirm.com

### RETAINER AGREEMENT

~~This~~ retainer ~~agreement~~ sets forth the terms and conditions under which  ("Client") agrees to retain The Law Offices of Downs Law Group ("Firm") as legal counsel and under which the firm agrees to represent customer. The terms and conditions of this company are:

1.    **The Client employs the Firm to represent the Client in the application of a cause of action for personal injuries arising from: Class Action Lawsuit against BP-Deepwater Horizon Oil Spill.** The Firm accepts this employment and agrees to take steps that are in its judgement reasonable and advisable to enforce Client's rights.

2.    As compensation for its services, the Client agrees to pay the Firm the higher of an amount awarded by the Court or a reasonable fee as follows:

(A)    25 percent of any recovery

3.    In addition, the Client is responsible for all reasonable and necessary costs and expenses incurred by the Firm, **unless the client does not receive compensation.** These expenses, taken from the gross amount, include but are not limited to, filing fees, transcript costs, court reporter fees, copying and printing costs, mailing costs, telephone bills, computer-based legal research connect time, investigator fees, expert fees, and any other necessary expenses incurred in the representation of the Client, plus interest. These expenses should not exceed $250.00, and will not be charged unless the Client receives compensation. Whenever possible, the Client will be consulted prior to incurring any major expenditures. The Client consents to the Firm signing any "letter of protection" when the Firm deems it appropriate; a "letter of protection is an agreement by the Firm to withhold sufficient funds from any settlement or judgement received by the Client to pay any outstanding bills owed to a doctor or hospital. The Client understands and agree that medical diagnostic services shall be covered under Paragraph 5 of this agreement and is not covered under this Paragraph.

4.    The contingent fee amount is based upon the gross recovery before costs. All costs will be paid from any proceeds recovered for the Client after accounting for the fee, and if no recovery is made, the Client will not be indebted to the Firm for any sum whatsoever as to fees or costs. The Firm's costs are independent of fees, and are the responsibility of the Client. Also, the Firm is given a lien by the Client from any settlement or judgement to deduct and retain any fees and costs from its trust account prior to disbursing the balance to the Client.

5.    The undersigned client understands that he/she will be seen by medical physicians with regards to the relevant Medical Class Benefits Settlement Matrix. This client shall incur medical expenses for the visits assisting in the settlement program that are necessary and required in order to take part in the medical settlement. The undersigned agrees that when they recover money damages from the BP settlement, any medical bills incurred for diagnostic purposes shall be deducted from the amount paid out by the Claims Administrator. The incurred charges will vary depending on the medical evaluations required for that individual, the geographic locations, or available licensed providers/suppliers in their area. It is ultimately the responsibility of the Client to pay these medical diagnostic services. The undersigned agrees that they were verbally apprised of this information and further show their consent to the above arrangement through their signature below. The undersigned client has, before signing this contract, received and read the statement of client's rights and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the Firm.



EXHIBIT
1

6. The undersigned client has, before signing this contract, received and read the statement of client's rights and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the Firm.

7. This contract may be canceled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if canceled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client. The Client may terminate the Firm's engagement by written notice after three (3) business days of the date this agreement was signed, as shown below, but if so canceled, the Firm may place a charging lien for fees to the Firm for the work it performed. The Firm also has a right to terminate this engagement, subject to an obligation to give the Client reasonable notice to permit it to obtain alternative representation or services and subject to applicable ethical provisions. In the event of such termination, the Firm will provide reasonable assistance in effecting a transfer of responsibilities to the new firm.

8. Craig Downs, Esquire will be the attorney primarily responsible for this matter. The Client understands and agrees that other members of the Firm, associates or paralegals, may assist lead counsel in the preparation and trial of the case. In addition, Dogan & Wilkinson PLLC.. will be assisting in this matter and will be involved in the referral of clients to Downs Law Group. For referrals of clients made by Dogan & Wilkinson PLLC. who receive compensation, a fee-sharing system has been put in place where Dogan & Wilkinson PLLC. will receive 33% of the attorney's fees and Downs Law Group will receive 67% of the attorney's fees collected for medical claims submitted to the Claims Administrator pursuant to the "*Deepwater Horizon* Medical Benefits Class Settlement Agreement, as amended May 1, 2012."Dogan & Wilkinson PLLC. and Downs Law Group assume joint legal responsibility for the representation and agree to be available for consultation with the client.

9. The Client and the Firm agree and request that this Retainer Agreement, its terms and conditions, and the amount of any fees and/or expenses paid in connection with it, will remain strictly secret, confidential, private and considered part of the attorney-client and work product privileges, unless and until the Client affirmatively waives such privilege and confidentiality, or a court orders disclosure, after all appropriate litigation and appellate remedies have been sought.

10. This Retainer Agreement constitutes the entire agreement between the Firm and the Client, and there are no oral agreements or understandings other than that which is contained herein. All amendments, additions or changes to this agreement shall be in writing and agreed to and signed by the parties. The laws of the State of Florida shall govern the interpretation of this Retainer Agreement, including all rules or codes of ethics which apply to the provision of services. The parties further agree the proper forum and venue to litigate any matter relating to this Retainer Agreement shall be in the court of the 11th Judicial Circuit of Miami-Dade County.

I HAVE READ the foregoing Retainer Agreement and accept and approve the terms and conditions therein and agree to be bound thereby.

Dated this 19 day of March, 2017

X _____    X _____
Client                          Attorney (Craig T. Downs, Esq.)

2 of 2

CLOSED,JCG,OIL_SPILL_2010

## U.S. District Court
## Southern District of Mississippi (Southern)
## CIVIL DOCKET FOR CASE #: 1:19-cv-00940-HSO-JCG

Gildea v. BP Exploration & Production, Inc. et al
Assigned to: District Judge Halil S. Ozerden
Referred to: Magistrate Judge John C. Gargiulo
Case in other court: Louisiana Eastern, 2:19-cv-11488
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 12/06/2019
Date Terminated: 08/28/2020
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Rachel Gildea**

represented by **Charles David Durkee - PHV**
THE DOWNS LAW GROUP, PA
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
305-444-8226
Fax: 305-444-06773
Email: ddurkee@downslawgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nathan Lee \*Nelson-TRANSFER ATTORNEY**
THE DOWNS LAW GROUP, PA
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
305-444-8226
Fax: 305-444-6773
Email: nnelson@downslawgroup.com
*TERMINATED: 01/23/2020*
*LEAD ATTORNEY*

**R. Michael Bolen**
HOOD & BOLEN, PLLC
3770 Hwy. 80 West
Jackson, MS 39209
601/923-0788
Fax: 601/922-2968
Email: rmb@hoodbolen.com
*ATTORNEY TO BE NOTICED*

**Terris C. Harris**
THE COCHRAN FIRM - Ridgeland
198 Charmant Place, Suite 2
Ridgeland, MS 39157
601-790-7600
Fax: 866-860-3857
Email: tharris@cochranfirm.com
*ATTORNEY TO BE NOTICED*



EXHIBIT
2

Case 3:21-cv-00622-DPJ-FKB   Document 1-1   Filed 09/27/21   Page 19 of 30

9/14/2020 Case: 25CI1:21-cv-00531-EFP CM/ECF LIVE - U.S. Document #: 2 District Court: Mississippi Southern District   Filed: 08/24/2021   Page 19 of 27

V.

**Defendant**

BP Exploration & Production Inc.                  represented by **Don Keller *Haycraft-TRANSFER**
**ATTORNEY**
Liskow & Lewis (New Orleans)
One Shell Square
701 Poydras St.
Suite 5000
New Orleans, LA 70139-5099
504-581-7979
Email: dkhaycraft@liskow.com
*TERMINATED: 01/07/2020*
*LEAD ATTORNEY*

**Thomas W. Tardy , III**
MARON MARVEL BRADLEY
ANDERSON & TARDY, LLC
P. O. Box 22803
200 S. Lamar St. (39201)
Jackson, MS 39225-2803
601/960-8633
Fax: 601/206-01119
Email: ttardy@maronmarvel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Pyune *McEldowney-**
**TRANSFER ATTORNEY**
Maron Marvel Bradley and Anderson LLC
1201 North Market Street
Suite 900
Wilmington, DE 19801
302-425-5177
Email: cpm@maronmarvel.com
*TERMINATED: 01/07/2020*

**Charles (Chan) E. McLeod**
MARON MARVEL BRADLEY
ANDERSON & TARDY, LLC
P. O. Box 22803
200 S. Lamar St. (39201)
Jackson, MS 39225-2803
601/812-6630
Fax: 601/206-0119
Email: cmcleod@maronmarvel.com
*ATTORNEY TO BE NOTICED*

**Clare Smith Millette**
MARON MARVEL BRADLEY
ANDERSON & TARDY, LLC
P. O. Box 22803

200 S. Lamar St. (39201)
Jackson, MS 39225-2803
601/812-6630
Fax: 601/206-0119
Email: cmillette@maronmarvel.com
*ATTORNEY TO BE NOTICED*

**Edderek Linnel Cole**
MARON MARVEL BRADLEY
ANDERSON & TARDY, LLC
P. O. Box 22803
200 S. Lamar St. (39201)
Jackson, MS 39225-2803
601/973-8964
Fax: 601/206-0119
Email: bcole@maronmarvel.com
*ATTORNEY TO BE NOTICED*

**Georgia Lee \*Lucier-TRANSFER
ATTORNEY**
Hunton Andrews Kurth LLP (Houston)
Chase Tower
600 Travis
Suite 4200
Houston, TX 77002
713-220-4177
Fax: 713-220-4285
Email: georgialucier@HuntonAK.com
*TERMINATED: 01/07/2020*

**Kevin Michael \*Hodges-TRANSFER
ATTORNEY**
Williams & Connolly, LLP
725 12th St., N. W.
Washington, DC 20005-5901
202-434-5221
Email: khodges@wc.com
*TERMINATED: 01/07/2020*

**Richard M. Crump**
MARON MARVEL BRADLEY
ANDERSON & TARDY, LLC
P. O. Box 22803
200 S. Lamar St. (39201)
Jackson, MS 39225-2803
601/812-6630
Fax: 601/206-0119
Email: rcrump@maronmarvel.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**BP America Production Company**          represented by **Don Keller \*Haycraft-TRANSFER
ATTORNEY**
(See above for address)

Case 3:21-cv-00622-DPJ-FKB   Document 1-1   Filed 09/27/21   Page 21 of 30

9/14/2020 Case: 25CI1:21-cv-00531-EFB   Document #: 2   Filed: 08/24/2021   Page 21 of 27
CM/ECF-LIVE-U.S. District Court: Mississippi Southern District

*TERMINATED: 01/07/2020*
*LEAD ATTORNEY*

**Thomas W. Tardy , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Pyune *McEldowney-**
**TRANSFER ATTORNEY**
(See above for address)
*TERMINATED: 01/07/2020*

**Charles (Chan) E. McLeod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Clare Smith Millette**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edderek Linnel Cole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Georgia Lee *Lucier-TRANSFER**
**ATTORNEY**
(See above for address)
*TERMINATED: 01/07/2020*

**Kevin Michael *Hodges-TRANSFER**
**ATTORNEY**
(See above for address)
*TERMINATED: 01/07/2020*

**Richard M. Crump**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/03/2019 | 1 | COMPLAINT with jury demand against All Defendants (Filing fee $ 400 receipt number 053L-7739001) filed by Rachel Gildea. (Attachments: # 1 Exhibit A- Election Not to Mediate, # 2 Civil Cover Sheet)Attorney Nathan Lee Nelson added to party Rachel Gildea(pty:pla).(Nelson, Nathan) [Transferred from Louisiana Eastern on 12/9/2019.] (Entered: 07/03/2019) |
| 07/03/2019 | 2 | Initial Case Assignment to Judge Carl Barbier and Magistrate Judge Joseph C. Wilkinson, Jr. (ess) [Transferred from Louisiana Eastern on 12/9/2019.] (Entered: 07/03/2019) |
| 07/03/2019 | 3 | INITIAL PROCEEDINGS CASE MANAGEMENT ORDER NO.1 AND AMENDED ORDER NO.2. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 1/30/2015. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 BELO Settlement Agreement)(cg) [Transferred from Louisiana Eastern on 12/9/2019.] (Entered: 07/03/2019) |

| 08/02/2019 | 4 | ANSWER to 1 Complaint, by BP America Production Company, BP Exploration & Production, Inc..Attorney Don Keller Haycraft added to party BP America Production Company(pty:dft), Attorney Don Keller Haycraft added to party BP Exploration & Production, Inc.(pty:dft).(Haycraft, Don) [Transferred from Louisiana Eastern on 12/9/2019.] (Entered: 08/02/2019) |
| 12/02/2019 | 5 | Statement by BP America Production Company, BP Exploration & Production, Inc. *Regarding Venue* (Haycraft, Don) [Transferred from Louisiana Eastern on 12/9/2019.] (Entered: 12/02/2019) |
| 12/06/2019 | 6 | ORDERED that the instant matter is hereby TRANSFERRED to the United States District Court for the Southern District of Mississippi. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 12/6/2019. (NEF: Sect J)(caa) [Transferred from Louisiana Eastern on 12/9/2019.] (Entered: 12/06/2019) |
| 12/06/2019 | 7 | Case transferred in from District of Louisiana Eastern; Case Number 2:19-cv-11488. Original file certified copy of transfer order and docket sheet received. (Entered: 12/09/2019) |
| 01/06/2020 | 8 | NOTICE of Appearance by Thomas W. Tardy, III on behalf of BP America Production Company, BP Exploration & Production Inc. (Tardy, Thomas) (Entered: 01/06/2020) |
| 01/06/2020 | 9 | NOTICE of Appearance by Charles (Chan) E. McLeod on behalf of BP America Production Company, BP Exploration & Production Inc. (McLeod, Charles (Chan)) (Entered: 01/06/2020) |
| 01/06/2020 | 10 | NOTICE of Appearance by Clare Smith Millette on behalf of BP America Production Company, BP Exploration & Production Inc. (Millette, Clare) (Entered: 01/06/2020) |
| 01/06/2020 | 11 | NOTICE of Appearance by Edderek Linnel Cole on behalf of BP America Production Company, BP Exploration & Production Inc. (Cole, Edderek) (Entered: 01/06/2020) |
| 01/06/2020 | 12 | MOTION to Withdraw as Attorney *Certain Counsel of Record* by BP America Production Company, BP Exploration & Production Inc. (Tardy, Thomas) (Entered: 01/06/2020) |
| 01/06/2020 | 13 | Corporate Disclosure Statement by BP America Production Company identifying Corporate Parent BP p.l.c. for BP America Production Company. (Tardy, Thomas) (Entered: 01/06/2020) |
| 01/06/2020 | 14 | Corporate Disclosure Statement by BP Exploration & Production Inc. identifying Corporate Parent BP p.l.c. for BP Exploration & Production Inc.. (Tardy, Thomas) (Entered: 01/06/2020) |
| 01/07/2020 | | TEXT ONLY ORDER granting 12 Motion to Withdraw Certain Counsel of Record. Kevin M. Hodges, Catherine Pyune McEldowney, Don Keller Haycraft, and Georgia Lee Lucier are terminated as counsel of record for the Defendants. NO FURTHER WRITTEN ORDER WILL ISSUE. Signed by Magistrate Judge John C. Gargiulo on 1/7/2020 (AG) (Entered: 01/07/2020) |
| 01/17/2020 | 15 | Letter sent to Nathan Lee Nelson on 1/17/2020, requesting PHV motion, proposed order and fee. (wld) (Entered: 01/17/2020) |
| 01/22/2020 | 16 | MOTION for David Durkee, Esq. to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number 0538-4189620) by Rachel Gildea (Attachments: # 1 Exhibit Certificate of Good Standing)(Bolen, R.) (Entered: 01/22/2020) |
| 01/22/2020 | 17 | MOTION to Withdraw as Attorney *for Nathan L. Nelson* by Rachel Gildea (Bolen, R.) (Entered: 01/22/2020) |
| 01/22/2020 | 18 | NOTICE of Appearance by R. Michael Bolen on behalf of Rachel Gildea (Bolen, R.) |

| | | (Entered: 01/22/2020) |
|---|---|---|
| 01/23/2020 | | TEXT ONLY ORDER granting 17 Motion to Withdraw. Nathan L. Nelson is terminated as counsel of record for the Plaintiff. NO FURTHER WRITTEN ORDER WILL ISSUE. Signed by Magistrate Judge John C. Gargiulo on 1/23/2020 (AG) (Entered: 01/23/2020) |
| 02/04/2020 | | TEXT ONLY ORDER granting 16 Motion to Appear Pro Hac Vice of Charles David Durkee. Charles David Durkee is admitted pro hac vice in this case on behalf of Plaintiff in association with local counsel and upon registration for electronic filing. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by Magistrate Judge John C. Gargiulo on 2/4/2020 (AB) (Entered: 02/04/2020) |
| 03/25/2020 | 19 | Rule 16(a) Initial Order: Telephonic Case Management Conference set for 4/13/2020 at 10:00 AM before Magistrate Judge John C. Gargiulo. (AB) (Entered: 03/25/2020) |
| 04/13/2020 | | Minute Entry for proceedings held before Magistrate Judge John C. Gargiulo: Telephonic Case Management Conference held on 4/13/2020. PARTICIPANTS: R. Michael Bolen, Charles David Durkee - PHV, Natasha N. Harrison - PHV, Nathan Lee Nelson - PHV, Mariana Suarez - PHV (counsel for Plaintiff); Edderek Linnel Cole (counsel for Defendants). A Case Management Order will be entered. (AB) (Entered: 04/13/2020) |
| 04/13/2020 | 20 | NOTICE of Service of Interrogatories by BP America Production Company, BP Exploration & Production Inc. (Tardy, Thomas) (Entered: 04/13/2020) |
| 04/13/2020 | 21 | NOTICE of Service of Request for Production by BP America Production Company, BP Exploration & Production Inc. (Tardy, Thomas) (Entered: 04/13/2020) |
| 04/14/2020 | 22 | CASE MANAGEMENT ORDER: Jury Trial set for a three week trial calendar beginning on 8/2/2021 at 9:00 AM in Courtroom 706 (Gulfport) before District Judge Halil S. Ozerden. Pretrial Conference set for 7/20-22/2021 at 9:00 AM in Courtroom 706 (Gulfport) before District Judge Halil S. Ozerden. Discovery due by 12/1/2020. Motions for Amended Pleadings due by 5/13/2020. Motions for Joinder of Parties due by 5/13/2020. Designate Experts Plaintiff Deadline due by 9/1/2020. Designate Experts for Defendant Deadline due by 11/2/2020. Motions due by 12/15/2020. Settlement Conference set for 10/20/2020 at 9:30 AM in Chambers 672 (Gulfport) before Magistrate Judge John C. Gargiulo. ADR Report due by 7/13/2021. Proposed Pretrial Order due by 7/20/2021. EDT: 8-10 days. Parties do not consent. Signed by Magistrate Judge John C. Gargiulo on 4/14/2020 (AB) (Entered: 04/14/2020) |
| 08/03/2020 | 23 | NOTICE to Take Deposition of Rachel Gildea by BP America Production Company, BP Exploration & Production Inc. (Cole, Edderek) (Entered: 08/03/2020) |
| 08/07/2020 | 24 | NOTICE of Appearance by Richard M. Crump on behalf of BP America Production Company, BP Exploration & Production Inc. (Crump, Richard) (Entered: 08/07/2020) |
| 08/10/2020 | 25 | NOTICE of Appearance by Terris C. Harris on behalf of All Plaintiffs (Harris, Terris) (Entered: 08/10/2020) |
| 08/10/2020 | | DOCKET ANNOTATION as to #25: There is only one plaintiff to this lawsuit, therefore All Plaintiffs should not have been selected. The individual name should always be selected. Attorney is not required to re-file. (RLW) (Entered: 08/10/2020) |
| 08/28/2020 | 26 | STIPULATION of Dismissal by Rachel Gildea (Bolen, R.) (Entered: 08/28/2020) |
| 08/28/2020 | | DOCKET ANNOTATION as to #26: Advising that the filing attorney should have also signed the certificate of service. Attorney is not required to re-file, but is advised to follow this procedure in the future. (RLW) (Entered: 08/28/2020) |

Case 3:21-cv-00622-DPJ-FKB   Document 1-1   Filed 09/27/21   Page 24 of 30

9/14/2020   Case: 25CI1:21-cv-00531-EFP   Document #: 2   Filed: 08/24/2021   Page 24 of 27
CM/ECF LIVE - U.S. District Court: Mississippi Southern District

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/14/2020 07:53:07 | | |
| **PACER Login:** | 1111DDDD:3174748:4429088 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-00940-HSO-JCG |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DISTRICT

**CASE NO. 1:19-cv-00940-HSO-JCG**

RACHEL RENEE GILDEA,

     Plaintiff,

vs.

BP EXPLORATION & PRODUCTION,
INC. and BP AMERICA
PRODUCTION COMPANY,

     Defendants.

_____/

### RULE 41(a) STIPULATION OF DISMISSAL
### WITH PREJUDICE

Plaintiff, Rachel Renee Gildea, appearing through undersigned counsel and pursuant to

Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby dismisses with prejudice all claims that

she has asserted or could have asserted in this action. Plaintiff specifically reserves all remaining

rights that she may have under the *Deepwater Horizon* Medical Benefits Class Action Settlement

Agreement ("MSA").[1]  Each party agrees to bear its own costs, expenses, and attorneys' fees.

By signature of counsel below, Defendants BP Exploration & Production Inc. and BP

America Production Company agree to this stipulated dismissal.

---

[1]    The MSA is a class-wide settlement agreement entered into by BP Exploration & Production Inc. and
by BP America Production Company in the *Deepwater Horizon* litigation to address the claims of
response workers and resident citizens who allege exposure-related injuries as a result of the oil spill
and its clean-up. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,
April 20, 2010,* No. 10-md-2179, Doc. No. 8217 (E.D. La., January 11, 2013) (Order and Reasons
Approving the MSA) at 6 ("Reason Order"). The complete MSA can be found in the record for MDL
2179, C.A. No. 10-md-2179, at Rec. Doc. No. 6427-1.



EXHIBIT
3

Respectfully submitted,

/s/ David Durkee
Charles David Durkee, Florida Bar No. 998435
THE DOWNS LAW GROUP, P.A.
3250 Mary Street, Suite 307
Coconut Grove, Florida 33133
Phone: (305) 444-8226
Fax: (305-444-6773
Email: ddurkee@downslawgroup.com

/s/ R. Michael Bolen
R. MICHAEL BOLEN, ESQ.
Miss. Bar 3615
HOOD & BOLEN, PLLC
ATTORNEYS AT LAW
3770 HWY. 80 WEST
JACKSON, MISSISSIPPI 39209
(601)923-0788
rmb@hoodbolen.com

/s/ Terris C. Harris
Terris C. Harris
THE COCHRAN FIRM – Ridgeland
Local Attorney for Plaintiff
198 Charmant Place, Suite 2
Ridgeland, MS 39157
601-790-7600
Fax: 866-860-3857
Email: tharris@cochranfirm.com

*Attorneys for Plaintiff*

/s/ Clare S. Millette
Thomas W. Tardy, III (MS Bar #7431)
Chan McLeod (MS Bar #101182)
Clare S. Millette (MS Bar #102580)
Edderek "Beau" Cole (MS Bar #100444)
MARON MARVEL BRADLEY ANDERSON &
TARDY, LLC
P. O. Box 22803
200 S. Lamar St. (39201)
Jackson, MS 39225-2803
601/812-6630
Fax: 601/206-0119

*Attorneys for BP Exploration & Production Inc.*
*and BP America Production Company*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

      Dated this 28th  day of August 2020

      */s/ David Durkee*
      David Durkee, Esq.

Case 3:21-cv-00531-EFP   Document # 2-1   Filed: 08/24/2021   Page 1 of 3

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts — (Rev 2016)

**Court Identification Docket #**

| County # | Judicial District | Court ID (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|---|---|
| 2 5 | 1 | C I | 2 0 2 1 | 1 5 3 1 |

Local Docket ID

| Month | Date | Year |
|---|---|---|
| 0 8 | 2 4 | 2 1 |

This area to be completed by clerk        Case Number if filed prior to 1/1/94

In the **CIRCUIT**        Court of **HINDS**        ☒ County  -  **FIRST** ☒ Judicial District

## Origin of Suit (Place an "X" in one box only)
☒ Initial Filing  ☐ Reinstated  ☐ Foreign Judgment Enrolled  ☐ Transfer from Other court  ☐ Other
☐ Remanded  ☐ Reopened  ☐ Joining Suit/Action  ☐ Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual **Breal** (Last Name)   **Rachel** (First Name)   **Gildea** (Maiden Name, if applicable)   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ___

Business ___

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

Address of Plaintiff **3341 Stephen Earl Drive, Vancleave, MS  39565**

Attorney (Name & Address)  **Douglas L. Tynes, Jr., 525 Krebs Avenue, Pascagoula, MS  39567**        MS Bar No. **101921**
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: ___

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual ___ (Last Name)   (First Name)   (Maiden Name, if applicable)   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator or State Agency, and enter entity:
D/B/A or Agency ___

Business **The Downs Law Group - Florida Corporation**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ___

Attorney (Name & Address) - If Known        MS Bar No. ___

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
☐ Child Custody/Visitation
☐ Child Support
☐ Contempt
☐ Divorce: Fault
☐ Divorce: Irreconcilable Diff.
☐ Domestic Abuse
☐ Emancipation
☐ Modification
☐ Paternity
☐ Property Division
☐ Separate Maintenance
☐ Term. of Parental Rights-Chancery
☐ UIFSA (eff 7/1/97; formerly URESA)
☐ Other ___

**Appeals**
☐ Administrative Agency
☐ County Court
☐ Hardship Petition (Driver License)
☐ Justice Court
☐ MS Dept Employment Security
☐ Municipal Court
☐ Other ___

**Business/Commercial**
☐ Accounting (Business)
☐ Business Dissolution
☐ Debt Collection
☐ Employment
☐ Foreign Judgment
☐ Garnishment
☐ Replevin
☐ Other ___

**Probate**
☐ Accounting (Probate)
☐ Birth Certificate Correction
☐ Mental Health Commitment
☐ Conservatorship
☐ Guardianship
☐ Heirship
☐ Intestate Estate
☐ Minor's Settlement
☐ Muniment of Title
☐ Name Change
☐ Testate Estate
☐ Will Contest
☐ Alcohol/Drug Commitment (Involuntary)

**Children/Minors - Non-Domestic**
☐ Adoption - Contested
☐ Adoption - Uncontested
☐ Consent to Abortion
☐ Minor Removal of Minority
☐ Other ___

**Civil Rights**
☐ Elections
☐ Expungement
☐ Habeas Corpus
☐ Post Conviction Relief/Prisoner
☐ Other ___

**Contract**
☒ Breach of Contract
☐ Installment Contract
☐ Insurance
☐ Specific Performance
☒ Other ___

**Statutes/Rules**
☐ Bond Validation
☐ Civil Forfeiture
☐ Declaratory Judgment
☐ Injunction or Restraining Order
☐ Other ___

☐ Alcohol/Drug Commitment (Voluntary)
☐ Other ___

**Real Property**
☐ Adverse Possession
☐ Ejectment
☐ Eminent Domain
☐ Eviction
☐ Judicial Foreclosure
☐ Lien Assertion
☐ Partition
☐ Tax Sale: Confirm/Cancel
☐ Title Boundary or Easement
☐ Other ___

**Torts**
☒ Bad Faith
☐ Fraud
☐ Intentional Tort
☐ Loss of Consortium
☒ Malpractice - Legal
☐ Malpractice - Medical
☐ Mass Tort
☐ Negligence - General
☐ Negligence - Motor Vehicle
☐ Premises Liability
☐ Product Liability
☐ Subrogation
☐ Wrongful Death
☒ Other Breach of Fiduciary Duty

IN THE <u>CIRCUIT</u>_____ COURT OF <u>HINDS</u>_____ ☒ COUNTY, MISSISSIPPI

<u>FIRST</u>_____ ☑ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____    Docket No. If Filed
　　　　　　　FDe Yr　　Chronological No.　　Clerk's Local ID　　Prior to 1/1/94_____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: <u>Durkee</u>_____ _____<u>Charles</u>_____ (_____) <u>D</u>__ _____
　　　　　　　　Last Name　　　　　　　First Name　　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____    Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: _____ _____ _____ (_____) _____
　　　　　　　Last Name　　　　　　　First Name　　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business <u>Hood & Bolen, PLLC - Mississippi Corporation</u>_____
　　　　Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____    Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: <u>Bolen</u>_____ _____<u>R. Michael</u>_____ (_____) _____
　　　　　　　Last Name　　　　　　　First Name　　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____    Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT_____ COURT OF HINDS_____ ☑ COUNTY, MISSISSIPPI

FIRST_____ ☑ JUDICIAL DISTRICT, CITY OF

Docket No._____ - _____ _____
       File Yr       Chronological No.      Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # _5_ :**

Individual: _____ ( _____ ) _____ _____
                Last Name          First Name         Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business  The Cochran Firm - Jackson, LLC - Mississippi Corporation_____
         Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # _6_ :**

Individual: Harris_____ Terris_____ ( _____ ) C_ _____
                Last Name          First Name         Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

Individual: _____ ( _____ ) _____ _____
                Last Name          First Name         Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___